IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHILLIP D. YOW, 1032223,  )  | |
|     Petitioner,  ) | |
| ) | |
| v.  ) | No. 3:10-CV-0005-K |
| ) | |
| RICK THALER, Director, Texas  ) | |
| Dept. Of Criminal Justice, Correctional  ) | |
| Institutions Division,  ) | |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his conviction for injury to a child under the age of fourteen. *State of Texas v. Phillip Yow*, No. F-0072051-HR (265th Dist. Ct., Dallas County, Tex., Nov. 30, 2000). Petitioner was sentenced to sixty years confinement. On October 11, 2001, the Eighth District Court of Appeals affirmed the conviction and sentence. *Yow v. State*, No. 08-01-00029-CR. Petitioner did not file a petition for discretionary review ("PDR").

On February 4, 2003, Petitioner filed a state application for writ of habeas corpus. *Ex parte Yow*, Application No. 55,902-01. On June 18, 2003, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court. On May 5, 2009, Petitioner filed a second state habeas petition. On August 5, 2009, the Court of Criminal

Appeals dismissed the petition as a subsequent application.

On December 28, 2009, Petitioner filed this federal petition. He argues: (1) his guilty plea was involuntary; and (2) he received ineffective assistance of counsel. On March 2, 2010, Respondent filed a preliminary response arguing the petition is time-barred. On March 16, 2010, April 13, 2012, and May 22, 2012, Petitioner filed replies. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

#### 1. Timeliness under § 2244(d)(1)(A)

Under § 2244(d)(1)(A), the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

or other collateral review is pending. *Id.* § 2244(d)(2)

On October 11, 2001, the Eighth District Court of Appeals affirmed the conviction and sentence. Petitioner did not file a PDR. His conviction therefore became final thirty days later, on November 10, 2001. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 10, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 4, 2003, Petitioner filed his first state petition for writ of habeas corpus. This petition did not toll the AEDPA limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by November 10, 2002. He did not file his petition until December 28, 2009. His petition is therefore untimely.

    **2.**    **Timeliness under § 2244(d)(1)(C)**

---

action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -3-

Petitioner argues his petition is timely under § 2244(d)(1)(C) because he filed the petition within one year of the Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court determined that ineffective assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel at trial." *Id*. at 1315-16. Petitioner claims his state habeas counsel rendered ineffective assistance of counsel by failing to file his state habeas petition before the one-year AEDPA limitations period expired.

The *Martinez* case, however, addressed a claim of procedural default. The case did not address the AEDPA statute of limitations. The Court finds the *Martinez* case is inapplicable to Petitioner's statute of limitation issues.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he was mentally incompetent

during the filing period. Petitioner was diagnosed with Post Traumatic Stress Syndrome and Bi-Polar Disorder prior to sentencing. (Pet. May 22, 2012 Authorities in Support of Equitable Tolling at 2). On June 28, 2001, Petitioner was examined by a psychologist who noted that he was taking medications and that he reported hearing voices. (Pet. Ex. 9.) The report, however, also stated Petitioner was oriented to time, place and person, his attention span was within normal limits, he was not suicidal, his insight was adequate, and his reasoning ability and judgment were intact. (*Id.*) Petitioner was also not determined to be incompetent at the time of his plea or his sentencing in 2001. Petitioner has failed to show that he was incompetent during the one-year AEDPA limitations period. Further, he retained an attorney to file a state habeas petition in 2002, but failed to file his federal petition until December, 2009. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 20th day of June, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).